UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 06-178 (CKK) |
| ) | |
| CHAT LOWE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM & ORDER**

This matter came before the court on June 29, 2006 for a detention hearing held pursuant to pursuant to 18 U.S.C. §§ 3142(e), 3142(f)(1)(A), and 3142 (f)(1)(B). The Government filed a pretrial motion [6] to detain defendant Chat Lowe without bond pending trial. The Government asserts that no conditions of release would assure the safety of other persons and the community. See id. § 3142(e). Upon consideration of the Government's motion, the opposition and the factual proffers of both defense counsel and the Government at the hearing, the Government's motion is granted for the reasons set forth below, and defendant Chat Lowe shall be detained pending trial.

**I.   BACKGROUND**

Defendant Lowe has been charged in a grand jury original, four count indictment dated June 20, 2006, alleging that on July 11 and July 12, 2005, (1) he made threats against property owned, leased, or used by the United States, in violation of 18 U.S.C. § 2332a(a)(3), see Indictment, Counts I & III; and (2) he threatened to injure a person or damage his property, in violation of 22 D.C. Code § 1810, see Indictment, Counts II & IV. These charges stem from

threats the defendant made on two successive days in July 2005 to blow up the E. Barrett Prettyman United States Courthouse (hereinafter "the courthouse").  Defendant made these threats while on supervised release after having served a 39-month sentence for assaulting an Assistant United States Attorney and a Metropolitan Police detective with a hammer.

## II.     THE GOVERNMENT'S PROFFER

According to the Government's factual proffer at the defendant's June 22, 2006 arraignment in this case, defendant entered this courthouse – the E. Barrett Prettyman United States Courthouse, located at 333 Constitution Avenue, N.W., Washington, D.C. – on July 11, 2005 and traveled to the Fifth Floor, which houses various judges on the United States Court of Appeals for the District of Columbia and the Clerk's Office for the Court of Appeals.  While outside of the Clerk's Office, defendant Lowe allegedly threatened "to blow up the new part of the building" and "kill the new judges" – threats which were overheard by employees stationed in the Clerk's Office for the Court of Appeals.  On the next day, July 12, 2005, defendant Lowe allegedly returned to the Fifth Floor Clerk's Office, and directly informed an employee there: "I'm going to blow up this building."  No judges were specifically identified over the course of defendant's alleged threats.

## III.    DISCUSSION

The Bail Reform Act of 1984 allows a federal court to detain a defendant pending trial if the Government demonstrates at an adversary hearing that no release conditions "will reasonably assure the appearance of the person as required and that the safety of any others and the community . . . in a case that involves . . . a crime of violence [or] any felony if the person has been convicted of two or more offenses involving violence, with a which a maximum term of

2

imprisonment of 10 years or more is prescribed." 18 U.S.C §§ 3142(f)(1)(A)-(D).

In the instant case, a grand jury has already found probable cause to believe that the defendant made threats against property owned, leased, or used by the United States, in violation of 18 U.S.C. § 2332a(a)(3) and that he threatened to injure a person or damage his property, in violation of 22 D.C. Code § 1810. See Indictment. The grand jury's indictment, which must be taken "fair upon its face," does furnish probable cause to believe that the defendant committed the acts that constitute this offense. See United States v. Mosuro, 648 F. Supp. 316, 318 (D.D.C. 1986) (quoting Gerstein v. Pugh, 420 U.S. 103, 117 n.19 (1975) and various courts of appeals). Because these acts qualify as a crime of violence, the Government may properly move for a pre-trial detention hearing, 18 U.S.C. § 3142(f)(1)(A)(D).

Based on the seriousness of the charges in this case, a presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community, applies:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed . . . an offense under section 924(c), 956(a), or 2332b of this title, or an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed . . . .

18 U.S.C. § 3142(e).

Although the § 3142(e) presumption has been triggered in this case, the Government still bears the burden of persuasion. See United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir.

1985). The Court finds that the Government has met its burden and that the presumption has not been rebutted by the defendant. The Court's analysis in this regard is guided by the factors set forth in 18 U.S.C. § 3142(g). The Court now turns to that analysis.

Pursuant to 18 U.S.C. § 3142(g), the court must, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Under the language of 18 U.S.C. § 3142(g)(1), pretrial release is to be granted more sparingly when "the offense is a crime of violence." Because the indictment of this defendant alleges a crime of violence, this Court concludes that the nature and circumstances of the offense charged strongly weigh against granting the defendant's request for release pending trial. The crimes of violence alleged in the Indictment are serious offenses, especially when, as here, he has threatened to blow up a federal building and federal officials.

The weight of the evidence is sufficient to permit detention in this case. The Government's proffer, witnesses, and testimony demonstrate that Lowe is likely dangerous, highly volatile and very unstable. Defendant Lowe's criminal history[1], particularly his behavior when arrested by FBI agents on June 21, 2006, also weighs in favor of pre-trial detention.

---

[1] Prior to Lowe's criminal conduct in Washington, DC, he had an extensive criminal history in Macon, Georgia, including multiple convictions for obstructing police officers during the period 1995 through 1997.

Defendant also failed to meet his conditions of supervised release, which included a requirement that he participate in a mental health treatment program, and he was sentenced to an additional 12 months incarceration.  As he neared the end of that period of incarceration, he was transferred to Hope Village, a halfway house in the District of Columbia.  FBI agents went to Hope Village on June 21, 2006, to take defendant into custody in this case.  The explicit and repeated threats made against the arresting officers on that occasion convince the Court that there are no conditions under which defendant could be released that would assure the safety of the community.

That brings the Court to the final factor, the seriousness of the danger that defendant would pose to the community if released.  The Court finds that, considering the charges involved in this case, the nature and seriousness of the danger to the community weigh in favor of Lowe's detention.  Lowe allegedly threatened to blow up the federal courthouse, which clearly qualifies as a "crime[] of violence" for purposes of section 3142.[2]  The danger that Lowe poses to the community weighs in favor of continued detention of the defendant.

## IV.   CONCLUSION

Upon consideration of all the evidence and the factors set forth in 18 U.S.C. § 3142(g), the court finds clear and convincing evidence that defendant Lowe's pre-trial release would constitute an unreasonable danger to the community.  Furthermore, upon consideration of the possible release conditions set forth in § 3142(c), the court finds clear and convincing evidence that no condition or combination of conditions can be imposed that would reasonably ensure the

---

[2] A "crime of violence" for purposes of section 3142 is defined by 18 U.S.C. § 3156(a)(4) as "an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another" or "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

safety of the community, were the defendant to be released pending trial.

Accordingly, it is hereby ORDERED that:

1. Defendant Lowe will remain in the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. Defendant Lowe shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant Lowe is confined shall deliver defendant Lowe to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED.


Signed by Royce C. Lamberth, United States District Judge, June 30, 2006.