U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

*Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530*

August 10, 2006

Mary Manning Petras
Ketanji Brown Jackson
Assistant Federal Public Defenders
625 Indiana Ave., NW, Suite 550
Washington, D.C. 20004

**FILED**

**AUG 1 1 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re: United States v. Chat Lowe
    Criminal Number 06-CR-178 (CKK)

Dear Ms. Petras and Ms. Jackson:

    This letter sets forth the full and complete plea offer to your client, Chat Lowe, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). **This plea offer will expire on August 14, 2006.** If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

### Charges and Statutory Penalties

    Your client agrees to plead guilty to Count Six of the Superseding Indictment in this case, which charges him with Threatening to Injure a Person, in violation of 22 District of Columbia Code § 1810. Your client understands that pursuant to the D.C. Code, including 22 D.C. Code § 1810, the charge carries a maximum sentence of 20 years of imprisonment, a fine of $5000, a $5000 special assessment and a five year term of probation.

    In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. In addition, at the time of sentencing, the Government will move to dismiss and not prosecute the remaining counts of the superseding indictment against your client. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

**Sentencing Stipulations**

Your client understands that the sentence in this case will be determined by the Court.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that your client's guilty plea is conditioned on the Court agreeing to impose a sentence that includes the following terms and conditions:

- a term of two years imprisonment, all suspended, except for the period of time that your client has already served in this case as of the time of his sentencing.

- a five year term of probation.

- a requirement that your client stay away from United States District Judge Ellen S. Huvelle, the United States Courthouse for the District of Columbia, located at 333 Constitution Ave., NW, Washington, DC, and Federal Bureau of Investigation Special Agents Monica Patton, Joseph Lowery and Daniel Bremer and any members of their immediate family, except as expressly authorized by the Court or the Probation Office.

- a requirement that the defendant participate in anger management and whatever other counseling and treatment are determined to be appropriate by the Court or the Probation Office.

- whatever other additional terms and conditions of probation deemed appropriate by the Court.

The Government agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present these agreed upon sentencing terms to the Court for its approval. If the Court accepts the sentencing terms agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(3) of the Federal Rules of Criminal Procedure. The parties understand, however, that, in light of other factors, the Court may not agree that such a maximum sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that, if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement and will afford him an opportunity to withdraw the plea, or if he persists in the guilty plea, will inform your client that a final disposition may be less favorable to him than that contemplated by this agreement.

### Release/Detention

Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

### Breach of Agreement

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of

the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

      If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

*/s/ Kenneth L. Wainstein*
KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By:   */s/ Stevan E. Bunnell*
STEVAN E. BUNNELL
Assistant United States Attorney
555 4th St., NW
Washington, D.C. 20530
(202) 514-6988

*/s/ Catherine K. Connelly*
CATHERINE K. CONNELLY
Assistant United States Attorney
555 4th St., NW
Washington, D.C. 20530
(202) 616-3384

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Mary Manning Petras, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: August 11, 06

Chat Lowe    Criminal No 06-178 (CKK)
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 8-11-06

Mary Manning Petras, Esquire
Attorney for the Defendant