UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 06-178 |
| v. ) | |
| ) | CR. No. ~~02-109~~ (CKK)(AK) |
| CHAT LOWE, ) | |
| ) | |
| Defendant. ) | |

**FILED**

**AUG 1 4 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge by the Honorable Colleen Kollar-Kotelly for the acceptance of a plea to Count Six of the Superseding Indictment, alleging a violation of 22 District of Columbia Code §1810, charging the Defendant with Threatening to Injure a Person.

### Hearing on Plea

The Defendant, Chat Lowe, came before the Court on August 11, 2006, represented by counsel, Mary Petras. The Government was represented by Assistant United States Attorney Stevan E. Bunnell. For the record, Defendant, Defendant's counsel and Government counsel consented to proceed before the undersigned United States Magistrate Judge, for the purpose of conducting the plea colloquy and accepting the plea. The Court placed Mr. Lowe under oath and ascertained that he was competent to enter a plea to Count Six of the Superseding Indictment, and the Court then proceeded to explain the nature of the charges to which the plea was being offered.

The Court followed Rule 11 of the Federal Rules of Criminal Procedure, advising the Defendant of the maximum possible penalty provided by law and ascertaining his awareness of

the Sentencing Guidelines and the fact that such Guidelines are no longer mandatory, but should be considered by the sentencing court. The Defendant acknowledged that he wished to waive his right to a jury trial before a United States District Court Judge and that by entering a plea of guilty, which, if accepted by the District Court, would waive his right to appeal a judgment of guilt. The Defendant indicated that the terms and conditions contained in the plea agreement, which was filed and made part of the record in this case, accurately reflected the agreement between himself, his counsel, and the United States and that no other promises, other than what was contained in the plea agreement, had been made to him in order to secure his plea of guilty in this case. While the Defendant did not agree with the Government's statements of the precise language used by the Defendant, his own statement of the facts also supported allegations of threat as set forth in Count Six and met the necessary elements of the offense charged.

The Court found, after advising the Defendant of his rights, Mr. Lowe's plea of guilty to Count Six of the Superseding Indictment was voluntarily and knowingly made and that his admissions of guilt encompassed each of the elements of the offense charged in Count Six of the Superseding Indictment.

### Recommendation

The undersigned recommends that the trial court accept Mr. Lowe's plea of guilty based upon this Court's finding that the plea of guilty was knowingly and voluntarily made by Mr. Lowe, who was found to be competent and that he fully understood the nature and the consequences of entering such a plea. Following the entry of the plea of guilty, the Court directed that the Defendant be continued held without bond. Defendant has a Pre-Sentence Investigation Report from a prior case, which will be used by the trial court. Sentencing is set for

August 25, 2006, at 11:30 a.m, before the Honorable Colleen Kollar-Kotelly.

August 14, 2006                                             _____/s/_____
                                                            ALAN KAY
                                                            UNITED STATES MAGISTRATE JUDGE