UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-178 (CKK) |
| | : | |
| v. | : | |
| | : | |
| CHAT LOWE | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum to aid the Court in sentencing.

**BACKGROUND**

On August 25, 2006, pursuant to a plea agreement with the government, the defendant pled guilty to Count Six of the Superseding Indictment in this case, which charged him with Threatening to Injure a Person, in violation of 22 D.C. § 1810, a charge that related to threatening statements he made to FBI Special Agent Monica Patton on June 21, 2006, at the time of his arrest in this case.[1]

As part of the plea agreement, the government agreed to dismiss the other counts in the Superseding Indictment. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties further agreed that the defendant's guilty plea would be conditioned on the Court agreeing to impose a sentence that includes the following terms and conditions:

---

[1] These statements included telling Special Agent Patton, "I'll cut your titties off." He also told SA Patton and her two colleagues, Special Agents Daniel Bremer and Joseph Lowery that "I've got friends down in Florida to take care of you." He repeatedly referred to Agent Patton as a "white bitch" and a "pussy." He further stated to the agents, "I'll knock on your front door and violate you and your mammy;" "You've all got family and kids. I'll find you, knock on your front door, and teach you a lesson;" and "You all won't know I'm coming."

– a term of two years imprisonment, all suspended, except for the period of time that your client has already served in this case as of the time of his sentencing;

– a five year term of probation.

– a requirement that your client stay away from United States District Judge Ellen S. Huvelle, the United States Courthouse for the District of Columbia, located at 333 Constitution Ave., NW, Washington, DC, and Federal Bureau of Investigation Special Agents Monica Patton, Joseph Lowery and Daniel Bremer and any members of their immediate families, except as expressly authorized by the Court or the Probation Office;

– a requirement that the defendant participate in anger management and whatever other counseling and treatment are determined to be appropriate by the Court or the Probation Office; and

– whatever other additional terms and conditions of probation deemed appropriate by the Court.

Because the plea agreement was entered into pursuant to Rule 11(c)(1)(C), if Court decides to reject the sentencing terms agreed upon by the parties – because they are not in the public interest – the defendant must be given an opportunity to withdraw his guilty plea and proceed to trial. Fed. R. Crim. P. 11(d).

The government submits that the stipulated sentence is in the public interest and should be accepted by the Court for the following reasons. First, although the defendant violated 22 D.C. Code § 1810 simply by uttering the threatening statements to Special Agent Patton, this is not a situation where the evidence suggests that the defendant actually intended or had the capacity to carry out the threats. Second, at the time of his arrest, the defendant had already served almost a year in prison after having his supervisory release revoked in the wake of making the threatening statements that form the basis for the first four counts in the Indictment in this

case,[2] and he has now served an additional three and a half months in jail as a result of being detained following his arrest on June 21, 2006..   Third, the government believes that there is an above-average litigation risk associated with proceeding to trial on the Indictment in this case. Fourth, the plea agreement avoids burdening the victims in this case, including Judge Huvelle, with testifying at trial, and avoids the possibility that the defendant would fixate on them in a manner that would further put them in fear.  Fifth, to the extent the Court looks to the D.C. Guidelines as a reference (which appear to suggest a sentence of 18 to 36 months), this case clearly is unusual enough to warrant the sentence agreed upon by the parties.[3]   The nature of the actual conduct in this case, the true nature of the defendant's criminal history (which is arguably overstated by the D.C. Guidelines), the desire of the victims to have the defendant relocate to Florida,  the need for the defendant to obtain mental health services, and the importance of having a long probationary period to ensure that defendant successfully re-enters society all make the stipulated sentencing terms highly reasonable and very much in the public interest.  Finally, the plea agreement allows the Court substantial flexibility to add whatever additional terms and

---

[2]  Judge Huvelle's revocation of the defendant's supervised release in his prior case was legally predicated on the failure of the defendant to obtain mental health services – and has been affirmed by the Court of Appeals. Although the government fully agrees that Judge Huvelle had the legal authority to sentence the defendant to approximately a year of additional incarceration for failure to seek mental health treatment, as a matter of prosecutorial discretion we take that period into account as a form of punishment that – at least in the defendant's mind – is associated in some sense to conduct that is charged in the indictment.

[3] Moreover, the District of Columbia Voluntary Sentencing Guidelines are fully voluntary and unlike the federal sentencing guidelines need not even be considered by the Court.  In addition, the D.C. Guidelines expressly exempt stipulated sentences like the one in this case from the normal Guideline ranges.  See D.C. Voluntary Guidelines Section ¶5.1 ("A Rule 11(e)(1)(C)) plea agreement that is accepted by the court controls the applicable sentence.  This means that if the parties and the court agree to a particular sentence or sentencing range, it need not fall 'within the box.'").

conditions of probation, including treatment options, that the Court may deem appropriate.

WHEREFORE, for the reasons stated above, the United States respectfully requests that this Court accept the stipulated sentencing terms agreed upon by the parties and sentence the defendant accordingly.

Respectfully submitted,

JEFFERY A. TAYLOR
United States Attorney
D.C. Bar No. 498-610

_____

Stevan E. Bunnell
Assistant United States Attorney
D.C. Bar No. 414398
555 4th Street, NW  #5842A
Washington, DC 20001

_____

Catherine K. Connelly
Assistant United States Attorney
Mass.  Bar No. 649430
555 4th Street, NW  #4844
Washington, DC 20001

<u>CERTIFICATE OF SERVICE</u>

    I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorneys for the defendant, Mary Petras and Ketanji Brown Jackson this 11th day of October, 2006.

                                                                _____
                                                                Stevan E. Bunnell
                                                                 Assistant United States Attorney