AO 245B   (Rev. 06/05) (Rev. DC 12/15/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## for the District of Columbia

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| CHAT LOWE | Case Number: 06-178 |
| | USM Number: 24698-016 |
| | Mary Manning Petras |
| | Defendant's Attorney |

FILED
OCT 11 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    6 of the Superseding Indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 22 DC 1810 | Threatening to Injure a Person | June 21, 2006 | 6 |

The defendant is sentenced as provided in pages 2 through __10__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s) 1, 2, 3, 4, 5, 7, 8, 9, and 10    is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 11, 2006
Date of Imposition of Judgment

_(signature)_
Signature of Judge

Colleen Kollar-Kotelly                    U.S. District Judge
Name of Judge                              Title of Judge

October 11, 2006
Date

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 4—Probation

|  | Judgment—Page | 2 | of | 10 |

DEFENDANT: CHAT LOWE
CASE NUMBER: 06-178

# PROBATION

The defendant is hereby sentenced to probation for a term of :

The defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a period of two years, with all but time served until Thursday, October 12, 2006, suspended. Defendant is hereby placed on probation for a term of Five (5) years. The Court orders defendant's release from custody between the hours of 7:00 a.m. and 9:00 a.m., on Thursday, October 12, 2006.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 4C — Probation

Judgment—Page 3 of 10

DEFENDANT: CHAT LOWE
CASE NUMBER: 06-178

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in anger management and whatever other counseling and mental health treatment are determined to be appropriate by the Court or the Probation Office.

2. The defendant shall stay away from United States District Judge Ellen S. Huvelle, the United States Courthouse for the District of Columbia, and FBI Special Agents Monica Patton, Joseph Lowery and Daniel Bremer and any members of their immediate family, except as expressly authorized by the Court or the Probation Office.

3. The defendant shall arrive at the Greyhound Bus Station, located at 1005 First Street, NE, Washington, DC, on Thursday, October 12, 2006, and board bus number 1057 departing at 12:30 p.m., transferring to bus number 1013 in Richmond, Virginia, at approximately 2:35 p.m., and transferring to bust number 1111 in Orlando, Florida, at approximately 8:05 a.m., arriving in Ft. Lauderdale, Florida, at approximately 2:05 p.m. on Friday, October 13, 2006. Upon arrival in Ft. Lauderdale, defendant shall report directly to the United States Probation Office located in the United States Courthouse, 299 East Broward Boulevard, Suite 409, Ft. Lauderdale, Florida.

4. Pursuant to the agreed release plan, the defendant shall reside at the Broward County Outreach Center, located at 2056 Scott Street, Hollywood, Florida. The defendant shall comply with all requirement of the program, including any mental health assessment/treatment recommended by the program staff, including medication if prescribed by a clinician. The defendant shall reside at the Broward County Outreach Center until such time you are authorized by the Court or the United States Probation Office to seek other residence within the community. Further, you shall sign a release of information authorizing the disclosure of any treatment provided at the Broward County Outreach Center to the United States Probation Office.

5. The defendant shall not possess a firearm or other dangerous weapon, use or possess an illegal controlled substance, or commit another federal, state or local crime.

The Probation Office shall release the presentence investigation report to all appropriate agencies in order to execute the sentence of the Court. Treatment agencies shall return the presentence report to the Probation Office upon the defendant's completion or termination from treatment.

The Court directs the United States Probation Office for the District of Columbia to provide the Court with a written progress report no later than November 13, 2006, and every month thereafter for six months, outlining the defendant's compliance with this Order. After six months the Court will determine how frequently a report will need to be filed.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties

Judgment — Page __4__ of __10__

DEFENDANT: CHAT LOWE
CASE NUMBER: 06-178

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine | Restitution |
|--------|------------|------|-------------|
| TOTALS | $ 100.00   | $    | $           |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
|               |             |                     |                        |
|               |             |                     |                        |
|               |             |                     |                        |
|               |             |                     |                        |
|               |             |                     |                        |
| TOTALS        | $ 0.00      | $ 0.00              |                        |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
         Sheet 5A — Criminal Monetary Penalties

Judgment—Page   5   of   10

DEFENDANT: CHAT LOWE
CASE NUMBER: 06-178

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

THE COURT FINDS the defendant do not have the financial ability to pay a fine and, therefore, waives imposition of a fine in this case. It is further ordered you shall pay a assessment fee of $100, due immediately to the Criminal Finance Office, Room 4203, DC Superior Court, 500 Indiana Avenue, NW, Washington, DC, for deposit into the Crime Victims Compensation Fund. Because the defendant determined to be indigent, the Court authorizes this payment to be satisfied at any time prior to the termination of the probationary period imposed in this matter.